**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOODWARD AVENUE PROTESTANT
CHURCH OF CHRIST, a Michigan domestic
non-profit corporation,                                    Civil Case Number: 09-12178

             Plaintiff,                                    PAUL D. BORMAN
                                                 UNITED STATES DISTRICT COURT

v.

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois corporation,

             Defendant.
_____ /

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

       Now before the Court is plaintiff Woodward Avenue Protestant Church of Christ's Motion to Remand to State Court.[1]  (Dkt. No. 6).  Defendant State Farm Fire and Casualty Company ("Defendant") responded to the Motion on July 8, 2009.  (Dkt. No. 7). Because the relevant allegations, facts, and legal arguments are sufficiently presented by the parties briefs, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).   For the following reasons, the Court DENIES Plaintiff's Motion to Remand to State Court.

       Plaintiff Woodward Avenue Protestant Church of Christ ("Plaintiff") filed an action against Defendant in Michigan state court on May 8, 2009, alleging that in violation of Plaintiff's insurance policy with Defendant, Defendant failed to compensate Plaintiff for losses that it suffered as result

---

[1] Although the instant motion is titled "Plaintiff's Motion for Removal to State Court," the Court deems it a motion to remand because the case has already been removed to this Court.

of an explosion on Plaintiff's property.

Defendant removed the action to this Court on June 5, 2009 based on federal diversity jurisdiction under 28 U.S.C. §1332, alleging that Plaintiff is a citizen of Michigan, that Defendant is a citizen of Illinois with its principal place of business in Bloomington, Illinois, and that pursuant to Plaintiff's Sworn Statement in Proof of Loss, Plaintiff seeks damages of $870,000, well above the $75,000 threshold.  (Notice of Removal, ¶¶ 3-5, Ex. B).

Plaintiff filed the instant motion to remand on July 6, 2009, claiming that Plaintiff is a citizen of Plaintiff's state of citizenship of Michigan by operation of 28 U.S.C. § 1332(c)(1):

> (c) For purposes of this section and section 1441 of this title-
>
> > (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which insured is a citizen*, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(emphasis added).

Plaintiff appears to argue that this case must be remanded back to state court because it fits within the direct action exception in 28 U.S.C. §1332(c)(1).  But the Sixth Circuit has expressly held that where an insured sues its own insurance company, federal courts have jurisdiction over such actions because they are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1).  *See Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003) (*citing Lee-Lipstreau v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) (refusing to apply the direct action provision to a dispute between an insured and her own insurance company because it "would result in an absurdity—federal courts would never hear common insurance disputes because the insured

2

and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state"). As pointed out in an unpublished opinion of a district court in the Eastern District of Michigan, the purpose of the direct action exception was not to destroy jurisdiction in insurance disputes between an insured and its insurer, but rather to prevent "back door diversity":

> Congress enacted this statute in order to prevent a plaintiff of State A, who was injured by a party who is also a resident of State A, from achieving diversity jurisdiction by suing the other party's foreign insurance company while intentionally failing to join the individual party in the suit. In the statute prevents "back door diversity," i.e., the practice of substituting a tortfeasor's insurer for the tortfeasor as a named defendant to create diversity.

*Hillen v. AllState Ins. Co.*, No. 05-74330, 2006 WL 250038, at *1 (E.D. Mich. Jan. 31, 2006) (unpublished).

Because Plaintiff is an insured suing its insurer, the Court has proper federal diversity jurisdiction over the action.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand to State Court. (Dkt. No. 6).


**SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2009

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 19, 2009.

S/Denise Goodine
Case Manager